Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave., 17th Fl.
Glendale, California 91203
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIA ANNE JECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST) INC, a Maryland Corporation, VINCENT CARRABBA, an individual, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No. 2:22-cv-07402<br><br>**COMPLAINT**<br>[Potential *PAGA Law Enforcement, Class Action and Collective Action Complaint*]<br><br>1.     Failure to Provide Adequate Pay Stubs Cal. Labor Code (the "Code") § 226(a)<br><br>2.     Failure to Pay Minimum Wage or Overtime, Code § 510, 1194; Wage Order 4<br><br>3.     Failure to Pay Minimum Wage or Overtime, FLSA, 29 U.S.C. § 201 *et seq.*<br><br>4.     Continuing Wages, Code § 201, 201.3, 202, 203<br><br>5.     Failure to Provide Proper Meal Breaks, Code § 226.7 and 512 and Wage Order 4<br><br>6.     Failure to Provide Rest Breaks, Code § 226.7 and 512 and Wage Order 4<br><br>7.     Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>8.     Code § 226(b), Failure to Provide Employment Records<br><br>9.     Code § 1198.5, Failure to Provide Employment Records<br><br>**DEMAND FOR JURY TRIAL** |

Julia Anne Jecker ("Plaintiff" or "Jecker"), on behalf of themself as an individual and in their representative capacity under the Fair Labor Standards Act ("FLSA"), and potentially on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the California Labor Code (the "Code") Private Attorneys General Act of 2004 ("PAGA"), Code§ 2698 *et seq.,* and Rule 23 of the Federal Rules of Civil Procedure, alleges as follows:

### *JURISDICTION AND VENUE*

1.      This may be a PAGA law enforcement action, class action and FLSA collective action, seeking unpaid wages, damages, penalties and attorneys' fees and costs, all according to proof, against Defendants Metro One Loss Prevention Services Group (West Coast), Inc., a Maryland Corporation ("MOL") and Vincent Carrabba ("CARRABBA") (collectively, "METRO").  This action alleges that METRO, *inter alia,* violated the FLSA as well as the California Labor Code and the California Business and Professions Code.  On or about October 7, 2022, Plaintiff provided statutory notice to the California Labor and Workforce Development Agency and to Defendant of the potential PAGA claims set forth in this complaint.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings this case individually and as a class action on behalf of similarly situated individuals who have been employed by METRO as hourly, non-exempt workers in California (collectively referred to as "Aggrieved Employees") since four years prior to the filing of this action.  Plaintiff may also seek leave to amend to bring this action pursuant to PAGA, which does not require class certification, on a representative basis on behalf of the Labor & Workforce Development Agency of the State of California (the "LWDA"). The alleged violations include failure to make timely payment of earned wages, provide proper meal and rest breaks, pay overtime and minimum wages, and for sick pay and record keeping violations, wage statement violations, continuing wages, and unfair competition, among other claims.  Pursuant to 29 U.S.C. § 216(b), Plaintiff also

COMPLAINT

brings this case individually and as a collective action on behalf of similarly situated individuals who have been employed by Defendants in California.

3.     Venue as to Defendants is proper in this United States District Court for the Central District of California (the "District") because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendants maintain an office, transacts business, has an agent, or is found in the County of Ventura and are within the jurisdiction of this Court for purposes of service of process.

4.     The unlawful acts alleged herein had a direct effect on and were committed within the State of California. This court has federal question and CAFA jurisdiction of this matter.

## PARTIES AND SUBSTANTIVE ALLEGATIONS

5.     Plaintiff is an individual who during the time periods relevant to this Complaint, was and is a resident of the County of Ventura, State of California.  Plaintiff worked for Defendant METRO in the County of Ventura, State of California, working for Defendants as a security guard.  Plaintiff began their orientation for work with Defendants on September 8 and 9, 2021, but she has never been paid for those services, completion of which took many hours, as review was required of some 159 pages of single-spaced materials.  Plaintiff brings this action on behalf of themself, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq*.

6.     Defendants CARRABBA and MOL are each persons conducting significant amounts of business within the Central District.  Defendant CARRABBA is the Chairman and CEO of MOL.  MOL touts itself as "the only national security provider with an Exclusive team dedicated to each client." (https://www.metroonelpsg.com,  last accessed October 7, 2022).  MOL offers security services to clients across the United States, including throughout California.  MOL is a Maryland Corporation.  MOL is authorized to do and does business in California.  MOL is a temporary services employer as defined by Cal. Lab. Code § 201.3, which statute provides, in part:

(a) For purposes of this section, the following definitions apply:

(1) "Temporary services employer" means an employing unit that contracts with clients or customers to supply workers to perform services for the clients or customers and that performs all of the following functions:

(A) Negotiates with clients and customers for matters such as the time and place where the services are to be provided, the type of work, the working conditions, and the quality and price of the services.

(B) Determines assignments or reassignments of workers, even if workers retain the right to refuse specific assignments.

(C) Retains the authority to assign or reassign a worker to another client or customer when the worker is determined unacceptable by a specific client or customer.

(D) Assigns or reassigns workers to perform services for clients or customers.

(E) Sets the rate of pay of workers, whether or not through negotiation.

(F) Pays workers from its own account or accounts.

(G) Retains the right to hire and terminate workers.

Code § 201.3(a)(1)(A)-(G).  As a temporary services employer, Defendant contracts with clients or customers to supply workers to perform services.  MOL meets the definition of a temporary services provider.  It negotiates with its customers where MOL employees will perform work and the type of work that will be performed.  MOL also negotiates the cost of these services with the customers. Plaintiff worked at MOL customer locations under MOL'S direction.  Plaintiff was paid directly by MOL for the work performed on customer sites.  MOL retains the ability to assign or reassign its workers.  MOL also had the authority to hire and terminate employees, and exercised that authority.

7.    Defendants have been previously charged with PAGA violations, commencing years ago.  Accordingly, it is appropriate to draw an inference that Defendant's conduct as described herein is intentional, resulting in part from a continuing practice of devoting insufficient resources to the payroll accounting and related human

resources and compliance functions.

8.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Plaintiff is informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as is hereinafter alleged, either through Defendants' own wrongful conduct or through the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## GENERAL ALLEGATIONS

9.     Beginning on or about September 8, 2021, until in or about October 9, 2021, Plaintiff was employed by Defendants as a security guard in or about Oxnard, California, within Ventura County, California.

10.     Plaintiff contends that Defendants failed to provide them and other Aggrieved Employees with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226. For example, the stubs filed to record premium wages owing on account of Defendants' failure to provide proper meal periods and rest breaks. Naranjo v. Spectrum Security Services, Inc.

11.     On information and belief, Plaintiff contends that Defendants failed to provide Plaintiff and Aggrieved Employees with the data required by section 226(a) of the California Labor Code. METRO's failure to provide the correct information on wage

6

COMPLAINT

statements has caused confusion by making it impossible for Plaintiff to determine whether or not they have been paid correctly, for example, with respect to accrued premium wages owing for employer failure to provide proper meal periods and/or rest breaks.   Further, although METRO is a temporary service provider, METRO's wage statements failed to provide the rate of pay and total hours worked for each temporary services assignment.

12.    At all times relevant herein, sections 226 (b), (c), and (f) of the Code further provided:

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

. . .

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

. . .

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty dollar ($750) penalty from the employer.

13.    At all times relevant herein, section 432 of the California Labor Code provided that: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request." Cal. Lab. Code § 432.

14.    At all times relevant herein, section 1198.5 of the California Labor Code provided in part:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . .

15.   On September 1, 2022, Plaintiff requested their employment records from Defendant MOL, all pursuant to sections 226(c), 432 and 1198.5. However, Defendant failed to provide complete records within the time periods required by statute.

16.   On information and belief, Plaintiff contends that Defendants failed to provide Plaintiff and Aggrieved Employees with payment of the required minimum wage. For instance, Plaintiff was required to attend (on-line) new-hire training sessions during the class period for which they have never received any compensation. At these unpaid sessions, on September 8 and September 9, 2021, held for the benefit of Defendants, the new employees were required, *inter alia*, to review employer policies dealing with all manner of matters that the employers had to communicate to the new employees, payroll procedures, safety procedures and more.  Plaintiff reviewed the matters on two separate days, September 8 and September 9, 2021, a total of some 150 single spaced pages, but Plaintiff has not been compensated for that time, at all.

17.   At all relevant times mentioned herein, section 204 of the California Labor Code provided, in relevant part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of

the month during which the labor was performed, and labor performed

between the 16th and the last day, inclusive, of any calendar month, shall be

paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

18.     Similarly, at all times relevant hereto, the provisions of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., require the payment of at least

minimum wage and overtime for hours worked over forty in a workweek.  See 29 U.S.C.

§§ 206 and 207.  Defendant failed to pay all accrued minimum wages for September 8-9,

2021, at all, and failed to pay any overtime, at all, for the week of September 28 to

October 2, 2021.

19.     Plaintiff was prevented from taking proper meal and/or rest breaks as

required by law.

20.     At all times relevant hereto, section 226.7 of the California Labor Code

provided:

(a) No employer shall require any employee to work during any meal or rest

period mandated by an applicable order of the Industrial Welfare

Commission.

(b) If an employer fails to provide an employee a meal period or rest period

in accordance with an applicable order of the Industrial Welfare Commission,

the employer shall pay the employee one additional hour of pay at the

employee's regular rate of compensation for each work day that the meal or

rest period is not provided.

Cal. Lab. Code § 226.7.

21.     Here, Plaintiff and Aggrieved Employees were not provided proper thirty-

minute meal breaks when working less than ten-hour workdays.

22.     Defendants violated sections 226.7 and 512 of the California Labor Code and

the relevant IWC Wage Order by failing to provide proper meal or rest periods.

Accordingly, Plaintiff and Class Members are entitled to an additional hour of pay for

each workday Plaintiff were not properly provided proper meal or rest periods.  See Cal. Lab. Code § 226.7(b).

23.    Compensation for missed meal periods or rest breaks constitutes wages within the meaning of section 200 *et seq.* of the California Labor Code.

24.    To date, Defendant has failed to compensate Plaintiff and Aggrieved Employees for all of their earned wages in accordance with the California Labor Code, relevant IWC Wage Order, and/or the FLSA.  See Naranjo v. Spectrum Security Services, Inc.

25.    Defendant is liable to Plaintiff and former employees for continuing wages pursuant to sections 201 through 203 of the Labor Code.

26.    Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee. . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202. . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Id. § 203(a).  In addition to subjecting Defendant to damages or penalties, Defendant's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 *et seq.*  Defendant did not pay all wages due and owing to Plaintiff within the statutorily required time period.

27.    Plaintiff and Aggrieved Employees were injured by such actions and are therefore entitled to seek the amounts as set forth in Labor Code section 226 subsections

(e)–(f), and penalties pursuant to Cal. Lab. Code § 558.  Present section 558.1 of the California Labor Code in part provides:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

28. At all times relevant hereto, sections 510, 1194, and 1198 of the California Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek. At all relevant times mentioned herein, California Labor Code section 1194 provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

29. At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.  Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference IWC Wage Order Number 16.  To date, Plaintiff has not been paid for all of the hours they worked for Defendants.  By failing to pay Plaintiff for all of their hours of work, Defendant violated section 1198 by employing them "under conditions of labor prohibited by the order."  Cal. Lab. Code § 1198.

30.    At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one-and-one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted

pursuant to a collective bargaining agreement pursuant to Section 514. Cal. Lab. Code § 510(a).

31.     At all relevant times mentioned herein, section 1194 of the California Labor Code provided, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime
> compensation applicable to the employee is entitled to recover in a civil
> action the unpaid balance of the full amount of this minimum wage or
> overtime compensation, including interest thereon, reasonable attorney's
> fees, and costs of suit.

Id. § 1194(a).

32.     With regard to the employment of Plaintiff as described above, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted.

33.     Plaintiff is informed and believes, and based thereon allege, that Defendant's labor practices and all other aspects of its operations, as well as the job duties of Aggrieved Employees, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout California.  Plaintiff is informed and believes, and based thereon allege, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Plaintiff and Defendant's Aggrieved Employees in California have been subject to uniform policies with respect to the violations alleged herein and cause Aggrieved Employees to be similarly situated regardless of location and position.

34.     Plaintiff is further informed and believes that Defendants uniformly applies policies and procedures to all Aggrieved Employees with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiff and Class Members have suffered

COMPLAINT

and continue to suffer damages.

35. Section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

. . . .

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

. . . .

(g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

36.    At all times relevant herein, section 226.3 of the California Labor Code provided, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($ 250) per employee per violation in an initial citation and one thousand dollars ($ 1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

Cal. Lab. Code § 226.3.

37.    At all times relevant herein, section 210 of the California Labor Code provided, in relevant part:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

38.    At all times relevant herein, section 558 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision

COMPLAINT

regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

. . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

Cal. Lab. Code § 558.

39.     At all times relevant herein, section 1197.1 of the California Labor Code provided, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:

(1)     For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2)     For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

40.     PAGA provides for civil penalties with respect to violations of the Wage Order.

41.     ***Unfair Competition.***   Through the violations described in this Complaint, Defendant has gained a decided advantage over competitors that abide by California's laws relating to wage statements, timely payment of final wages, and minimum wage and overtime laws.  Defendant's unlawful practices constitute unfair competition.  Section 17200 *et seq.* of the California Business and Professions Code prohibits such unfair competition.

### *CLASS-ACTION ALLEGATIONS*

42.     Plaintiff brings the referenced causes of action below on a class-wide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides:

(a) Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiff seeks to represent all individuals who, at any time since four years prior to the filing of this action to date, were or have been employed by Defendant in the State of California as a non-exempt, hourly worker.  (Such persons are referred to hereafter as "Class Members," and such period is referred to hereafter as the "Class Period").

43.     Defendant, as to Plaintiff and to each member of the Orientation Subclass, failed to pay at least minimum wage and/or overtime for all hours worked pursuant to the relevant minimum wage and overtime requirements.  Accordingly, Plaintiff and each Orientation Subclass Member is entitled to payment of their unpaid minimum wage, liquidated damages thereon, unpaid overtime, and interest.

44.   Defendant, as to Plaintiff and each Wage Statement Subclass Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles each Plaintiff and each Wage Statement Subclass Member to either actual damages or statutory liquidated damages, whichever is greater. As a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9).  The failure to provide Plaintiff and each Wage Statement Subclass Member with the required data, caused Plaintiff and each Wage Statement Subclass Member injury by depriving them of information to which they were legally entitled. Despite the requirements of the statute, it is not possible for the employee "from the wage statement alone" to ascertain "(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."  Cal. Lab. Code §226(e)(2)(B).

45.     Defendant's failure to provide proper meal periods or rest breaks as required by sections 226.7 and 512 of the California Labor Code and the applicable Wage Order entitles Plaintiff and Class Members to payment of an additional hour of pay at the employee's regular rate of compensation for each workday on which a proper meal period and/or rest break was not provided, as well as liquidated statutory damages.

46.     Defendant's failure to make payments within the time provided by sections 201, 201.3, or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and, accordingly, Plaintiff and each

Former Employee Subclass Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages for which provision is made by section 203 of the California Labor Code.

47.    The Members of the Class and Subclasses are sufficiently numerous in that joinder of all such Members would be impracticable, however not so large as to make the class unmanageable.  Further, the disposition of the claims of the Class and Subclasses in a class action will provide substantial benefits to both the parties and the Court.

48.    Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

49.    The provisions of the California Labor Code upon which Plaintiff base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

50.    The nature of this action and the laws available to Plaintiff and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

51.    Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of

retaliation and permanent damage to their careers with respect to subsequent employment.

52.     Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against the Defendant.

53.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include but are not limited to, the following:

(a) Whether Defendants paid all accrued overtime;

(b) Whether Defendants failed to pay the proper minimum wage;

 (c) Whether Defendants failed to provide employees with adequate paystubs in accordance with California Labor Code § 226(a);

(e) Whether Defendants failed to timely provide quitting or terminated employees their final wages;

(f) Whether Defendants provided with proper meal periods and rest breaks;

(g) Whether Defendants' conduct constituted an illegal, unfair, or deceptive business practice;

(h) Whether Plaintiff and Class Members are entitled to statutory damages, restitution, and/or penalties. 59.     Proof of a common business practice or factual pattern that Plaintiff experienced is representative of that experienced by the Class will establish the right of each Class Member to recover on the causes of action alleged.

54.     Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and Class Members to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

55.     Furthermore, Plaintiff and Class Members are entitled in common to

restitution and disgorgement of funds withheld improperly by Defendants.  Accordingly, Plaintiff on behalf of Class Members will seek the creation of a common fund made up of the aforementioned damages.

56.    Plaintiff asserts claims that are typical of those of the Class Members because they were employed by Defendants in California, they were subjected to Defendants' uniform policies and procedures, and they were similarly injured as a result of Defendants' actions.

57.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that they have no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Class Members in that the infringement of their rights and the damages that they suffered are typical of all other Class Members.  Additionally, Plaintiff has retained counsel who are competent and experienced in class-action litigation.

58.    Plaintiff and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, Defendants' unlawful conduct will continue un-remedied and uncorrected.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

59.    In this collective action, Plaintiff seeks to represent all individuals employed by Defendants who, at any time during the three years preceding the filing of this Complaint, up to the time of the filing of a motion for certification of a collective action, participated in one or more of Defendants new-hire training session[s] in California (the "Collective Action Members").  Attached hereto as Exhibit 1 is a true and correct copies of the FLSA consent form for Plaintiff Jecker.

60. Plaintiff is similarly situated with the Collective Action Members in that: (a) Plaintiff and the Collective Action Members were employed by Defendant; (b) Plaintiff and the Collective Action Members were not paid their minimum or overtime wages for

all hours worked; (c) Defendant knowingly and willfully violated provisions of the FLSA by not paying Plaintiff and the Collective Action Members their wages; (d) As a result of the practice of Defendant of withholding compensation for all hours worked, Plaintiff and the Collective Action Members have been similarly damaged in that they have not received timely payment in full of their earned wages, for unpaid orientation work and otherwise.

61.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA.  All individuals employed by Defendants who, at any time since three years prior to the filing of this Complaint participated in Orientation or New-Hire Training in California should be given notice and be allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

**FIRST CLAIM FOR RELIEF**

Failure to Provide Adequate Pay Stubs In Violation of California Labor Code § 226

(Claim by Plaintiff and the Wage Statement Subclass and against Defendants)

62.     Plaintiff repeats and re-alleges the paragraphs herein as if fully set forth herein.

63.     The Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).

64.     Defendant failed to timely provide Plaintiff and Wage Statement Subclass Members with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  Despite the requirements of the statute, Defendant did not provide accurate information to Plaintiff and/or Wage Statement Subclass Members regarding the matters herein alleged, including accrued and unpaid wages owing for missed rest breaks and meal periods.  It is not possible for Plaintiff and/or Wage Statement Subclass Members "from the wage statement alone" to ascertain information required to be provided on the itemized wage statements pursuant to section 226(a).  The failure to

provide the correct information on these wage statements has caused confusion by making it impossible for Plaintiff and Wage Statement Subclass Members to determine whether or not they have been paid correctly.  In addition, although Defendants were temporary services employers during the time period relevant to this complaint, they  failed to comply with the requirements of Cal. Lab. Code § 226(a)(9) and provide "the rate of pay and the total hours worked for each temporary services assignment."  Cal. Lab. Code § 226(a)(9).

65.     Plaintiff and Wage Statement Subclass Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF

Failure to Pay Minimum Wage or Overtime, Code § 510, 1194 (Claim by Plaintiff, the Class and the Orientation Subclass against Defendants)

66.     Plaintiff repeats and re-alleges the paragraphs herein as if fully set forth herein.

67.     Within the four years before the filing of this action, Defendants employed Plaintiff and members of the Class and the Orientation Subclass.

68.     Section 1197 of the Labor Code states:

The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

Labor Code § 1197.

69.     Defendant, by failing to pay Plaintiff, Class and Orientation Subclass Members, at least the minimum wage and/or overtime compensation for all of their hours worked, as required by and in violation of sections 510, 1194 and 1197 of the California

23

Labor Code.

70.     Plaintiff, Class and Orientation Subclass members are accordingly entitled to the payment of any back wages, liquidated damages, and the payment of liquidated damages, penalties and civil penalties to each employee whose rights were violated for each day that the violation occurred or continued and reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

Failure to Pay Minimum Wage and/or Overtime, Fair Labor Standards Act, 29 U.S.C. § 216(b)) (On Behalf of Plaintiff and Collective Action Members Against Defendants)

71.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

72.     Defendant intentionally and improperly failed to pay Plaintiff and Collective Action Members minimum wage compensation to which they are entitled.  The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

73.     During their employment with Defendant, Plaintiff and Collective Action Members were not paid for all of their time worked, for "orientation" work for the benefit of the Defendants and otherwise.

74.     Accordingly, Plaintiff and Collective Action Members request payment of minimum wage and/or overtime according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## **FOURTH CLAIM FOR RELIEF**

Continuing Wages, California Labor Code § 203

(Claim by Plaintiff and the Former Employee Subclass and against Defendants)

75.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

76.     Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).  By failing to pay minimum and overtime wages and premium wages owing under Naranjo, failing to pay wages for missed meal breaks and/or rest periods, Defendant has willfully failed to pay all wages due and owing to those Former Employee Class Members who are no longer employed by Defendant.

77.     Plaintiff and Former Employee Subclass Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

## **FIFTH CLAIM FOR RELIEF**

Failure to Provide Meal Periods, California Labor Code sections 226.7 and 512 and IWC Wage Order 4 (Claim by Plaintiff and the Class and against Defendants)

78.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

79.     At all times herein relevant, sections 226.7 and 512 of the California Labor Code provided that employees must receive meal periods of not less than thirty minutes if an employee works for a period of more than five hours and a second thirty-minute meal period if an employee works for a period more than ten hours in a workday.  Plaintiff and the Class consistently worked more than 4 hour shifts. However, they were required to keep their phones on their persons, turned on and audible at all times, including during their meal breaks, in violation of Augustus.

80.     Because Defendants failed to properly provide the proper meal periods, they are liable to Plaintiff and the Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7.  Plaintiff also requests relief as described below.

## SIXTH CAUSE OF ACTION

Failure to Provide A Proper Rest Break Policy in Violation of California Labor Code § 226.7 and Wage Order.

(Claim by Plaintiff and the Class and against Defendants)

81.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

82.     Labor Code Section 226.7 and the relevant Wage Orders require an employer to pay an additional hour of compensation for each rest period the employer fails to provide a compliant rest period. Employees are entitled to a rest period of ten minutes for every four hours worked or major fraction thereof.

83.     Plaintiff and the Class consistently worked more than 4 hour shifts. However, they were required to keep phones on their persons, turned on and audible at all times, including during their rest breaks. Pursuant to Labor Code section 226.7 and Wage Order 4, Plaintiff and the Class are entitled to damages in an amount equal to one hour of wages per missed rest period, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

Violation of California Business and Professions Code § 17200 et seq.

(Claim by Plaintiff and the Class and against Defendants)

84.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

85.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges that Defendants have

engaged in unfair business practices in California by the above-described failure to pay minimum and overtime wages to employees, failure to maintain accurate payroll records, failure to provide adequate paystubs, failure to pay final wages and vacation wages to quitting and/or discharged employees and failure to provide proper rest breaks and meal periods.

86.    Defendants' actions entitle Plaintiff and Class Members to seek the remedies available pursuant to section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts— including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein.  Plaintiff, on behalf of themself and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

## **EIGHTH CAUSE OF ACTION**

(Failure to Provide Employment Records Upon Request Code § 226(b)
On Behalf of Plaintiff Against Defendant MOL)

87.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

88.    Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

89.    Plaintiff has requested that Defendant MOL permit inspection or copying of their employment records pursuant to Labor Code section 226(b).  MOL has failed to provide Plaintiff with an opportunity to inspect or copy all of their employment records within 21 days of their request.

90.    Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seeks to recover from Defendant MOL a seven-hundred-fifty dollar ($750) penalty

for each violation, reasonable attorney's fees, and the costs of bringing this cause of action.

## NINTH CAUSE OF ACTION

(Failure to Provide Employment Records Upon Request Code §1198.5

On Behalf of Plaintiff Against Defendant MOL)

91.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

92.    Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the personnel records pertaining to that current or former employee, upon reasonable request to the employer.

93.    Plaintiff has requested that MOL permit inspection or copying of their personnel records pursuant to Labor Code section 1198.5.  Defendant has failed to provide Plaintiff with an opportunity to inspect or copy all of the employment records within 30 days of their request.

94.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty-dollar ($750) penalty from MOL, reasonable attorney's fees, and the costs of bringing this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

1.    That the Court certify the collective action, class and subclasses described in this Complaint.

2.    With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Wage Statement Subclass for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof in an amount of at least $50,000 against Defendants.

3.    With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiff, the Class and the Orientation Subclass for back wages and penalties to each employee whose rights were violated for each day that the violation occurred or

continued, civil penalties, attorney's fees and costs, all according to proof in an amount of at least $50,000, against Defendants.

4.     With respect to the third claim for relief under the FLSA, Plaintiff and Collective Action Members be awarded their unpaid continuing wages, compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendants.

5.     With respect to the fourth claim for relief, that this Court enter judgment in favor of Plaintiff and the Former Employee Subclass for payment of the sums owing pursuant to section 203 of the Code, in an amount of no less than $100,000.

6.     With respect to the fifth claim for relief, Plaintiff and the Class be awarded an additional hour of pay for each workday, pursuant to the Code.

7.     With respect to the sixth claim for relief, Plaintiff and the Class be awarded an additional hour of pay for each workday, pursuant to the Code.

8.     With respect to the seventh claim for relied, that it be adjudged that Defendants' violations of the Code and the FLSA constitute violations of section 17200 *et seq*. of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by Defendants for the period of time from four years prior to the filing of the original Complaint to date.  Plaintiff requests that the Court award Plaintiff their reasonable attorney's fees and costs incurred in the prosecution of this claim for relief, against Defendants.

9.     That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of each Plaintiff against Defendants of $750 per Defendant, reasonable attorney's fees, and the costs of bringing this cause of action under Labor Code Section 226(b) and (f).

10.     That, with respect to the Ninth Cause of Action, this Court enter judgment in favor of each Plaintiff against Defendants of $750 per Defendant, reasonable attorney's

COMPLAINT

fees, and the costs of bringing this cause of action pursuant to Labor Code Section 1198.5(k).

11.    For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED:  October 11, 2022                    HARRIS & RUBLE

_/s/ Alan Harris_____
Alan Harris
*Attorneys for Plaintiff*

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all claims for relief.

DATED: October 11, 2022                    HARRIS & RUBLE

_/s/ Alan Harris_____
Alan Harris
*Attorneys for Plaintiff*

COMPLAINT

## **INDEX TO EXHIBITS**

Exhibit 1 – FLSA Consent Form for Plaintiff

COMPLAINT